# IN IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**PAMELA MANNING**                                                    **PLAINTIFF**

**v.**                              **No. 3:17-CV-00194-JTK**

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions**
**not reserved to the Commissioner of**
**Social Security**                                                   **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Pamela Manning filed for social security disability benefits with an alleged onset date of December 19, 2014. (R. at 49). The administrative law judge (ALJ) denied her application after a hearing. (R. at 20). The Appeals Council declined her request for review. (R. at 1). Manning requested judicial review, and the parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

## I.    The Commissioner's Decision

The ALJ found that Manning had the severe impairments of peripheral neuropathy; cervical, lumbar, and thoracic spine degenerative disk disease; and hypothyroidism. (R. at 16). The ALJ found that she had the residual functional capacity (RFC) to perform light work, except that she must never climb ladders, ropes, or scaffolds; could only occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl; and could never balance. (R. at 18).  The ALJ took testimony from a vocational expert and determined that this RFC would allow Manning to return to her past relevant work. (R. at 22). The ALJ therefore held that Manning was not disabled. (R. at 22).

## II.    Discussion

Manning argues that the ALJ failed to include limitations related to her peripheral neuropathy, incorrectly found that she had benign findings in her lab work and MRIs, and failed to account for Manning's cardiac health issues. As the Court holds that the ALJ did not include sufficient limitations related to Manning's peripheral neuropathy, it is not necessary to reach her other points.

On review, this Court determines whether substantial evidence on the record as a whole supports the ALJ's decision. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Reversal is not warranted merely because substantial evidence exists to support a contrary conclusion. *Long*, 108 F.3d at 187.

The ALJ found that Manning's "peripheral neuropathy warrants functional limitations" and stated that she would thus be limited to light work with additional limitations. (R. at 20). This level of limitation is inconsistent with the ALJ's findings and the medical evidence. The ALJ noted that Manning's peripheral neuropathy affected her lower extremities, that she had issues with fatigue and balance, had diminished reflexes in her lower extremities, and had modest difficulty with tandem walking. (R. at 20). A 2016 exam noted vibratory loss involving Manning's right foot in addition to the difficulty with tandem walking and "nearly nonexistent" reflexes at her ankles. (R. at 406).

Despite all this evidence indicating that Manning's peripheral neuropathy affects her ability to stand and walk, the ALJ put no limitations on those abilities. The limitations in the RFC given by the ALJ seem to deal more with Manning's degenerative

disk disease. The ALJ's findings as to Manning's limitations are difficult to reconcile with these reports of pain, loss of reflexes, loss of sensation, and balance issues. It is difficult to imagine that a person with this condition could stand or walk for six hours in an eight-hour work day as light work requires. *Frankl v. Shalala,* 47 F.3d 935, 937 (8th Cir. 1995). As such, remand is appropriate to ensure that all of Manning's impairments are appropriately included in the RFC.

## III.    Conclusion

The ALJ failed to include limitations to account for the severe impairment of peripheral neuropathy. This case is therefore remanded to the Commissioner with instructions to develop the record as necessary and to fully account for all impairments in a new RFC.

It is so ordered this 30th day of May, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE